UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Deborah Gimbel | § § § § § § § § § § § § | Civil Action No. 5:20-cv-398 |
| v | | |
| Midland Funding, LLC | | |

Plaintiff's Original Complaint

---

Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to job loss, the number of personal bankruptcies, invasions of privacy, and marital instability.

2. The FDCPA prohibits debt collectors from making false representations regarding the character, amount, or legal status of a debt.

3. Plaintiff brings this action for Defendant's violation of the FDCPA and seeks actual damages, statutory damages, attorneys' fees and costs.

Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

6. Plaintiff, Deborah Gimbel, is a natural person who resides in and has resided in Seguin, Guadalupe County, Texas at all times relevant to this action.

7. Defendant, Midland Funding, LLC, is a Delaware limited liability company whose principal business address is 350 Camino De La Reina San Diego, CA 92108-3007. It may be served via its registered agent Corporation Service Company Dba Csc - Lawyers Inco at 211 E. 7th Street Suite 620 Austin, TX 78701.

Facts

8. Midland regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

9. The principal purpose of Midland is the collection of such debts.

10. The Debt is an allegedly defaulted debt that Gimbel used for personal, family, and household purposes (the "Debt").

11. Midland, via its in-house counsel, sued Gimbel in JP court in Guadalupe County in an effort to collect the Debt.

12. Gimbel, after filing a pro-se answer, filed a pro-se motion to compel arbitration.

13. In orders dated September 18, 2020 the court grated her motion compelling arbitration and denied Midland's response to the same.

14. A true and correct copy of these orders are attached as Exhibit A.

15. Gimbel took steps to initiate the arbitration with JAMS.

16. Midland failed respond.

17. JAMS on multiple occasions, sent correspondence to Midland requesting it pay the arbitration fees.

18. This correspondence is attached as Exhibit B.

19. Midland wholly failed to respond.

20. Rather than comply with the court's order compelling mediation, in a motion dated February 20, 2020 Midland filed a motion for summary judgment in the JP court.

21. A true and correct copy of this motion is attached as Exhibit C.

22. In a letter dated March 13, 2020,due to Midland's non-compliance, JAMS administratively suspended the arbitration.

23. A true and correct copy of this letter is attached as Exhibit D.

Cause of Action – Fair Debt Collection Practices Act

24. Midland Funding is a debt collector as defined by 15 U.S.C. § 1692a(6).

25. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

26. Gimbel is a consumer as defined by 15 U.S.C. § 1692a(3).

27. The motion for summary judgment is a communication as defined by 15 U.S.C. § 1692a(2).

28. By ignoring the order compelling arbitration and filing the motion for summary judgment, Midland violated the FDCPA in that it:

   a. It misrepresented the legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

   b. It falsely represented or implied that a communication is from an attorney or had meaningful attorney involvement in violation of 15 U.S.C. § 1692e(3); and

   c. Made a false representation in the course of collection a debt in violation of 15 U.S.C. § 1692e(10).

Jury Demand

29. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated: March 27, 2020                    Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com